May Term, 1861.

FORNER
v.
WEIDNER.

*Per Curiam.*—The judgment is affirmed, with costs.

*D. Mace*, for the appellant.

*J. E. McDonald*, Attorney General, *A. L. Roache* and *John L. Miller*, for the State.

---

FORNER, Administrator of WEIDNER *v.* WEIDNER and Another.

*A.* by his will directed that whatever notes or claims he might, at his death, have on his son *B.*, should be canceled and delivered up to him; but that such claims must be due in the son's own right to the testator.

*Held*, that the will must be construed to discharge only such debts as the son might individually and solely owe to the testator, and that a note executed by the son and another, as principals, was not discharged.

Saturday,
June 1.

APPEAL from the *Fayette* Circuit Court.

WORDEN, J.—This was an action by the appellant against the appellees, upon two promissory notes given by the appellees to the plaintiff's testator. Judgment for the defendants. The cause was decided upon demurrer. It is not necessary to state

the pleadings at length, but the following are the facts as presented by the record: Both of the defendants are principals in the notes, which were given for the interest of the plaintiff's testator in a certain firm. The defendants set up in defense, that the testator by his last will and testament discharged the said defendant *Weidner*, who was a son of the testator, from the payment of the notes. The will is set out; by which the testator, after having bequeathed his personal property, including choses in action, to his wife, released his son from the payment of any claims due from him, in the following terms:

" Whatever notes or claims I may have on my son, *John M. Weidner*, at my death, I hereby declare shall be canceled, and delivered up to him, and shall not form any part of my estate for distribution to my wife, but said claims must be due in his own right to myself."

We think the intention of the testator, as gathered from this clause in the will, (and we find nothing else in the will to explain or modify it,) was to release his son from the payment of any claim or debt which he might individually and solely owe to the testator, and not such as he might owe jointly with another or others. The language makes such intention sufficiently clear. " But said claims must be due in his own right to myself." Had the son been the principal in the notes, and *Wegerlee* his surety merely, perhaps they might have been " due in his own right," within the meaning of the testator.

*Per Curiam.*— The judgment is reversed, with costs. Cause remanded, &c.

*John S. Reid* and *J. D. Walker*, for the appellant.
*B. F. Claypool*, for the appellees.